**LAW OFFICES OF LAUREN GOLDBERG, PLLC**
3 COLUMBUS CIRCLE, 15TH FLOOR
NEW YORK, NEW YORK 10019
lg@lgoldberglaw.com

Telephone: (646) 452-8380                                                                 Facsimile: (646) 452-8663

August 6, 2019

**VIA ECF**
Magistrate Judge James L. Cott
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
500 Pearl Street
New York, New York 10007

    **Re:**    **Christine Peddy v. L'Oréal USA, Inc.**
                **Civil Action No 1:18-cv-07499**

Dear Magistrate Judge Cott:

      I represent the Plaintiff in the above referenced matter and am submitting this letter to request a pre-motion conference. On or about July 25, 2019, Defendant served subpoenas on two of Plaintiff's former employers (Estee Lauder and Revlon) that solicited documents without providing the Plaintiff notice as required by Rule 45. Then on July 29, 2019, Defendant served a third subpoena on another of Plaintiff's former employers (Calvin Klein) without providing her notice. See Exhibit (Exh.) A- copy of the subpoena that was wrongly served on Calvin Klein. Defendant never provided a copy of the other subpoenas that were served on July 25, 2019 but indicated that they were the same as the one served on Calvin Klein.

      Plaintiff was unaware of the subpoenas until all three subpoenas had been served. Once Plaintiff found out about the subpoenas, Plaintiff immediately objected. Although Defendant indicated that they would try to retract the subpoenas, it was already too late as not only had the three subpoenas already been served, but one of Plaintiff's prior employers (Revlon) had already collected the requested documents and sent the documents to the Defendant.[1] Defendant revised and reissued the subpoenas and provided them to Plaintiff on August 2, 2019. See Exh B- copies of the revised and reissued subpoenas. The subpoenas do not elicit relevant information to this case but only serve to tarnish Plaintiff's professional reputation with these former employers and within the cosmetic/beauty industry. Plaintiff objects to the current proposed subpoenas and seeks a protective order from the Court prohibiting Defendant from serving these subpoenas on Plaintiff's former employers. Plaintiff also seeks sanctions upon the Defendant for their non-compliance with Rule 45 and the harm they have caused to the Plaintiff.

---

[1] Defendant indicated to Revlon that they withdrew the subpoena and deleted the records that Revlon sent them. Nonetheless, the harm to the plaintiff has already occurred by the receipt of the subpoena itself. The fact that Revlon spent time digging through records just compounds the negative effect on Ms. Peddy.

The parties conferred on this matter on July 30, 2019 at around 1:30 pm for 9 minutes and on August 5, 2019 at around 4:30 pm for approximately 4 minutes  Lauren Goldberg and Eric Savage participated in both conversations.  Eric Savage indicated that Defendant believed they had a right to the requested subpoenaed information and that it was not a fishing expedition. I informed Mr. Savage that I would be making this motion to the Court since I did not believe we could reach a resolution. I certify that I had the above the phone conversations with Eric Savage.

## Relevant Facts

Plaintiff brought this lawsuit against Defendant for age discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 290 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq*. ("NYCHRL").  Plaintiff worked for L'Oréal as an Assistant Vice President of Marketing.  After complaining about age discrimination, Ms. Peddy was terminated in November 2017 because her job was allegedly eliminated.  Once her job was eliminated, however, she was subjected to disparate treatment.  Although it is company policy for L'Oréal to try to find open positions for displaced individuals, L'Oréal did not do so even though they had a policy indicating that they would do so and have a history of doing so for younger employees. At the time L'Oréal was posting over 2000 open positions and Ms. Peddy internally and externally applied for 13 of these positions on her own, all of which she was well qualified to obtain.

Prior to working for L'Oréal, Ms. Peddy worked for several other renowned cosmetic/beauty and fashion companies including Revlon, Calvin Klein and Estee Lauder.  Defendant seeks an abundance of records from these prior employers.  See Exh B- The reissued subpoenas.  These subpoenas seek:

> "Records of employment agreements and offer letters; records concerning promotions, compensation, bonuses, raises; all performance appraisals and communications regarding same; disciplinary records, warnings, positive feedback; records re: termination, severance; records reflecting internal complaints and investigations by or about Christine Peddy."

While the Defendant's action of serving subpoenas without proper notice merits quashing the subpoenas by itself, the breadth of documents requested and the lack of any rationale for any of the records further confirms that the subpoenas should be quashed.

## Argument

### Defendant's Subpoenas Do Not Seek Relevant Information and Cause Harm to the Plaintiff's Professional Reputation

Fed. R. Civ. P. 26(c) provides that "upon motion by a party…and for good cause shown, the court…may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden…"  Fed. R. Civ. P 45(d)(3) also allows a court to quash a subpoena that requires the disclosures of protected information.  Courts have recognized the serious negative consequences that subpoenas on former employers can have on Plaintiffs' careers and reputations.  For example, in, *Guercia v. Equinox Holdings*, 2013 U.S. Dist. LEXIS 71215 (S.D.N.Y. 2013), the Court quashed subpoenas sent to the plaintiff's former employers and recognized that

> "to permit these subpoenas to be served could be seriously detrimental to her business reputation and career. No employer relishes the experience of responding to a subpoena  for an employee's records. And the stigma associated with the service of a subpoena and the revelation that Guercia is participating in a lawsuit against her former employer  could, if these facts were to become widely known in the construction industry, clearly interfere with Guercia's ability to engage in that line of work."

Id. at *9-10.

Similarly, Your Honor also quashed subpoenas in *Henry v. Morgan's Hotel Grp.*, 2016 U.S. Dist. LEXIS 8406 (S.D.N.Y. 2016).   In *Henry,* the Court recognized the detrimental effect that a subpoena can have on a plaintiff seeking employment with an employer who was served with subpoena. *Id.* at *5   See also *Walker v. H & M Hennes Mauritz, L.P.* 2016 U.S. Dist LEXIS 123371 (S.D.N.Y. 2016)(quashing the subpoenas to Plaintiff's prior employers and finding that Defendant's alleged reasons for the subpoenas were not "proportional to the needs of the case"). See also *Vuona v. Merrill Lynch & Co., Inc*. 2011 U.S. Dist LEXIS 131491, *23-24 (S.D.N.Y. 2011)(recognizing that the subpoenas to the former employers give rise to potential for harassment or reputational injury).

Given the closeness of the high-end cosmetic/beauty industry, the subpoenas will have (and already have had) the same damaging effect on the Plaintiff. See Affidavit of Christine Peddy ("Aff. of C.P.")  While the career loss for Plaintiff is significant, Defendant does not have any legitimate reason for serving the subpoenas but rather just wants to conduct a fishing expedition.  Defendant made a blanket assertion that they have a right to information about Plaintiff's job duties, performance and compensation from her prior employers.  The Defendant has not articulated any specific reason for the subpoenas.  Even when Defendants have asserted more specific reasons, courts have consistently recognized that subpoenas to former employers are not appropriate and should not be permitted.  See e.g. *Henry v. Morgan's Hotel Grp., 2016* U.S. Dist. LEXIS 8406 (S.D.N.Y. 2016)(recognizing that seeking documentation from a prior employer  based on speculation that the Plaintiff was not entirely truthful as to his performance at prior jobs is insufficient basis to allow subpoenas to prior employers); *Lev. South Nassau Communities Hosp.*, 2011 WL 3652282 (E.D.N.Y. 2011)(quashing a subpoena for Plaintiff's former employment records by recognizing that discovery tools cannot be abused to go searching for after acquired evidence and attacks on credibility); *Vuona v. Merrill Lynch & Co., Inc.* 2011 U.S. Dist LEXIS 131491 (S.D.N.Y. 2011)(recognizing that Defendant's reason of wanting Plaintiff's work histories was insufficient).

### **The Plaintiff Has Already Been Harmed by the Subpoenas**

While the subpoenas do not elicit any relevant information, even if they did, the burden that the subpoenas place on the Plaintiff far outweighs any conceivable relevance. As noted above, courts are keenly aware of the significant toll that subpoenas on former employees have on Plaintiffs' careers. Ms. Peddy is in a small niche industry and having her lawsuit thrust into the faces of her past employers will jeopardize her relationships. See Aff. of CP Already, she fears that the subpoenas have closed opportunities that might have otherwise been available to her if it had not been for the subpoenas.  Aff. of CP.

### **Defendant Violated the Federal Rules by Not Providing Notice to the Plaintiff Thereby Causing Harm That Cannot Be Undone**

Defendant violated Fed. R. Civ. P. 45 by failing to provide notice to the Plaintiff of their subpoenas.  The Fed. R. Civ. P.  45(a)(4) states that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena **must** be served on each party." (emphasis added) Rule 45(a)(4)'s prior notice requirement "has important underpinnings of fairness and efficiency.  *Mirra v. Jordan*, 2014 U.S. Dist. LEXIS 77065, *8  (S.D.N.Y. 2014)(citations omitted). Notice allows other parties "an opportunity to object to the production or inspection, or to serve a demand for additional documents and things." *Id.* Accordingly, the notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena." *Id.*

Defendant should be sanctioned for their non-compliance with Rule 45.  Although they have made representations that it was a "mistake" and they apologized, Littler "is the largest global employment and labor law practice in the world exclusively devoted to representing management. With more than 1,500 attorneys in 80 offices, Littler serves as the single source solution provider to the global employer community."[2]  Given their status within the employment world, it is unfathomable that they can simply excuse themselves by saying it was a mistake. There have been other courts that have sanctioned Defendants for their non-compliance with Rule 45.  See *Gambale vs. Deutsche Bank AG*, 2003 U.S. Dist. LEXIS 27412 (S.D.N.Y. 2003). Plaintiff also requests attorneys' fees in having to make this motion.  Upon review of the case law, it is clear that Defendant cannot justify their subpoenas and they have already caused irreparable harm to Ms. Peddy.

### **Conclusion**

Plaintiff respectfully requests that the Court quash Defendant's subpoenas and sanction Defendant for sending out subpoenas to her former employers without first giving her notice to object to the subpoenas.  Plaintiff also ask for attorneys' fees in having to write this motion.

---

[2] This quote was taken from Littler's own website today, August 6, 2019.

                                                    Respectfully Submitted,

                                                              /s/
                                                  Lauren Goldberg

Cc:    Eric Savage, Esq. (via ECF)
Cc:    Emma Fursland, Esq.  (via ECF)