**MANDATE**

20-2643
Peddy v. L'Oreal USA, Inc.

1:18-cv-07499-RA-JLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 10 2021

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-one.

PRESENT:
        JOHN M. WALKER, JR.,
        MICHAEL H. PARK,
        WILLIAM J. NARDINI,
        *Circuit Judges.*

Christine Peddy,

        *Plaintiff-Appellant*,

        v.                                        20-2643-cv

L'Oreal USA, Inc.,

        *Defendant-Appellee.*

FOR PLAINTIFF-APPELLANT:        STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, New Paltz, NY.

FOR DEFENDANT-APPELLEE:        ERIC A. SAVAGE (Emma J. Diamond, *on the brief*), Littler Mendelson P.C., New York, NY.

MANDATE ISSUED ON 06/10/2021

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Christine Peddy, a former Assistant Vice President of Marketing at two L'Oréal USA brands, alleges that her former employer discriminated against her in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and state and local law. Specifically, she alleges that L'Oréal failed to find her a new role within the company when, at the age of 47, she was terminated as part of an organizational restructuring. After discovery, the district court granted summary judgment for L'Oréal on Peddy's ADEA claim and declined to assert supplemental jurisdiction over her remaining state and local claims. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review *de novo* a district court's grant of summary judgment." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014). Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"It is well established that the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to claims brought under the ADEA." *Delaney*, 766 F.3d at 167. Under this framework, "the plaintiff bears the initial burden of establishing a prima facie case of discrimination. If the plaintiff does so, the burden shifts to the defendant to articulate 'some legitimate, nondiscriminatory reason' for its action. Once such a reason is provided, the plaintiff can no longer rely on the prima facie case, but may still prevail if she can show that the employer's determination was in fact the result of discrimination."

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (citations omitted) (quoting *McDonnell Douglas*, 411 U.S. at 802). Thus, the plaintiff can survive the defendant's summary judgment motion if "the facts, taken in [her] favor, suffice to meet her burden of showing a triable issue as to whether her age was a 'but for' cause" of an adverse employment action. *Id*. In Peddy's claim, the purported adverse action is L'Oréal's failure to find her a new position. She does not challenge her termination.

Assuming without deciding that Peddy stated a prima facie case of age discrimination, we conclude that L'Oréal provided legitimate and nondiscriminatory reasons for its failure to redeploy her. After Peddy was notified that her job in the L'Oréal Professional brand was being eliminated, she applied to at least thirteen other positions within the organization. As the district court thoroughly explained, for each of those positions, L'Oréal proffered a legitimate, nondiscriminatory reason for choosing the person they ultimately hired, whether based on interview performance, relevant skill set, or compatible level of seniority.

We thus turn to causation and conclude that, even taking the facts in the light most favorable to Peddy, she failed to meet her burden to create a triable issue of fact. Peddy asserts that a reasonable juror could infer causation from L'Oréal's alleged deviation from its "Responsible Restructuring" policy statement. While "[d]epartures from procedural regularity . . . can raise a question as to the good faith of the process," *Tolbert v. Smith*, 790 F.3d 427, 438 (2d Cir. 2015) (quoting *Zahorik v. Cornell Univ.*, 729 F.2d 85, 93 (2d Cir. 1984)), the Responsible Restructuring statement sets forth no specific procedures, and Peddy fails to raise a genuine question as to the existence of any such procedures. Rather, the Responsible Restructuring statement provides that "values of respect and integrity" guide restructuring and that, "[w]hen redundancies prove unavoidable, we aim to maintain employment by supporting employees in

1  their professional reorientation, in particular through internal redeployment or solutions adapted
2  to each individual situations [sic]." App'x at 913.  The simple failure to achieve an "aim" in a
3  given instance does not, on its own, raise a question as to L'Oréal's good faith.
4      Peddy also argues that a reasonable juror could infer causation from the hiring of less-
5  qualified individuals for the jobs to which she applied.  But a plaintiff who raises her supposedly
6  superior qualifications for the job as circumstantial evidence of causation must present evidence
7  that her credentials were "so superior to the credentials of the person selected for the job that no
8  reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected
9  over the plaintiff for the job in question." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93,
10 103 (2d Cir. 2001) (internal quotation marks omitted), *superseded in part on other grounds by*
11 Fed. R. Civ. P. 37(e).  Here, L'Oréal made reasonable hiring decisions.  For the positions Peddy
12 highlights, the selected candidates each had experience that roughly matched the job postings.
13 Thus, Peddy's credentials were not "so superior" that they would support an inference of
14 discrimination.  Moreover, L'Oréal reasonably explained that the jobs to which Peddy applied
15 would have been demotions, which the company disfavors.  "[T]he court must respect the
16 employer's unfettered discretion to choose among qualified candidates." *Id.* (quoting *Fischbach*
17 *v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996)).
18     We have considered the remainder of Peddy's arguments and find them to be without merit.
19 For the foregoing reasons, we **AFFIRM** the judgment of the district court.

20     FOR THE COURT:
21     Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4